DECISION
Plaintiff has appealed to the Tax Court seeking waiver of the penalties Defendant imposed as part of an omitted property tax assessment for tax years 2006-07, 2007-08, and 2008-09, involving Plaintiff's business-use personal property, identified in the assessor's records as Account P345209. A hearing on the matter was held December 3, 2009. Plaintiff was represented by Gerald Hoots, CPA, Salem Oregon. Defendant was represented by Scott A. Norris, Assistant County Counsel, Marion County. Also appearing for Defendant was Catherine Green, a Personal Property Appraisal Technician with the assessor's office.
 I. STATEMENT OF FACTS
Plaintiff began operating in Marion County in June 2005. The business is owned and operated by a married couple named Strenke, with Mr. Strenke handling the outdoor field operations and Mrs. Strenke running the office. Plaintiff owned and utilized certain personal property in connection with its business operations. Plaintiff did not file personal property tax returns with Defendant reporting the items of personal property and other relevant data required on the form, including an estimate of the property's value, until 2009. Plaintiff's 2009 return was filed February 9, 2009. The 2009 return was applicable for the 2009-10 tax year. *Page 2 
Based on information contained in the 2009 return, Defendant determined that Plaintiff had taxable personal property that was omitted from assessment and taxation going back to 2005. As a result, Defendant added the property to the assessment and tax rolls as omitted property for tax years 2006-07, 2007-08, and 2008-09. Defendant first issued a notice of intent, as required by applicable law, followed by a notice of roll correction dated March 13, 2009. The roll was corrected on that date. Plaintiff timely appealed.
The assessment included penalties for each of the three tax years equal to 50 percent of the tax due. The total amount of the penalties is $2,198.28. Plaintiff does not object to paying the tax, but has requested a waiver of the penalties because they pose a financial hardship to the business, and the failure to report the property was unintentional. Defendant requested that the court uphold the penalties because Plaintiff does not meet the applicable legal standard for waiver, which is good and sufficient cause.
 II. ANALYSIS
The property at issue was used by Plaintiff in its business, and is legally subject to tax because it is tangible personal property used for the production of income. See generally
ORS 307.030 and ORS 307.190.[1]
ORS 308.290(1)(a) requires every person or business that owns "taxable personal property [to] make a return of the property for ad valorem tax purposes to the assessor of the county in which the property has its situs for taxation" by March 1 of each year. If a party fails to file a required return by the March 1 annual deadline, it "shall be jointly and severally subject to the provisions of ORS 308.296." Id. ORS 308.296(4) provides for a penalty of 50 percent of the tax where a taxpayer fails to file a return. Plaintiff did not file returns in 2006, 2007, or 2008. *Page 3 
In 2009, Defendant added the value of Plaintiff's previously untaxed personal property to the assessment and tax rolls as omitted property pursuant to the provisions of ORS 311.216 through ORS 311.229. Specifically, ORS 311.216(1) requires the assessor to add to the rolls the value and taxes of any property previously omitted from the rolls "for any year or years not exceeding five years prior to the last certified roll[.]" In accordance with ORS 311.223(2)(b) and ORS 308.296(4), the assessor imposed a 50 percent penalty against taxpayer for tax years 2006-07 through 2008-09 as part of its omit assessment. Appeal of that penalty to the Tax Court is authorized by ORS 311.223(4).
The Tax Court has the authority to "waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.422. That statute does not include a definition for the term "good and sufficient cause." However, this court has determined that the definition of "good and sufficient cause" found in ORS 305.288 provides a useful guide. X-RayIndustries, Inc. v. Clackamas County Assessor, TC-MD No 060656E, WL 3491162 *1 (Nov. 29, 2006) (citing Harold L. Center Pro LandSurvey v. Jackson County Assessor, TC-MD No 020069C at 4, WL 1591918 (July 18, 2002)); Norsam Technologies, Inc. v. WashingtonCounty Assessor, TC-MD No 031057D (Mar 29, 2004) (referencing other decisions).
The definition of "good and sufficient cause" found in ORS 305.288(5)(b)(A) requires taxpayer to establish that the return was not filed because of "an extraordinary circumstance that [wa]s beyond the control of the taxpayer, or the taxpayer's agent or representative[.]" According to the written explanation Plaintiff submitted with the Complaint in a letter dated June 10, 2009, the reason Plaintiff's returns were not filed is because Plaintiff assumed its accountant was "handling all of our tax filings that were required for a business." (Ptf's Compl at 2.) The accountant, in turn, assumed the owners of the business were filing the returns. The realization *Page 4 
that no returns had been filed for several years came about during discussions between the owners of the business and their accountant concerning the owners' 2008 income taxes.
ORS 305.288(5)(b)(B) specifically excludes "inadvertence, oversight, [and] lack of knowledge" from the definition of "good and sufficient cause." Based on those statutory definitions and prior court decisions, the court concludes that Plaintiff is not entitled to waiver of the penalty because it lacks good and sufficient cause. The reason Plaintiff's returns were not filed was essentially due to inadvertence, oversight, or lack of knowledge.
The court understands the penalties are significant for a struggling business and pose a financial hardship. However, the court has no authority to consider those circumstances in deciding whether to waive or reduce the penalties.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request for waiver of the 50 percent penalty imposed by Defendant as part of its omitted property assessment for tax years 2006-07, 2007-08, and 2008-09 tax years is denied because Plaintiff has not satisfied the statutory requirement of good and sufficient cause required by ORS 305.422, and found in ORS 305.288.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 5 This document was signed by Magistrate Dan Robinsonon December 22, 2009. The Court filed and entered this documenton December 22, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1